# EXHIBIT 1

Fulton County Superior Court
\*\*\*EFILED\*\*\*TV
Date: 12/2/2015 6:06:41 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TAYLOR COMMERCIAL, INC., | ) |
| Plaintiff, | ) ) Civil Action File No. 2015CV268774 |
| v. | ) |
| RABBIT CONSTRUCTION, INC. | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, Plaintiff Taylor Commercial, Inc. ("TCI"), and files this Complaint against Rabbit Construction, Inc. ("Rabbit"), and for cause states as follows:

### FACTS APPLICABLE TO ALL COUNTS

1.

TCI is a Georgia corporation with its principal place of business in Alpharetta, Fulton County, Georgia. TCI is registered to do business in the State of Georgia and is in good standing.

2.

Rabbit is a North Carolina corporation with its principal place of business in Raleigh, North Carolina and may be served with process through its registered agent, Avi Solomon at 421 Chapanoke Road, Suite 105, Raleigh, North Carolina 27603-3692.

3.

Venue and jurisdiction are proper in Fulton County, Georgia as the agreements from which this dispute arose were drafted and executed in Georgia.

4.

Payments pursuant to the agreements from which this case arose were remitted from Fulton County, Georgia.

5.

Meetings between the parties discussing whether payment was due on the contracts from which this case arose occurred in person in Fulton County, Georgia.

6.

TCI and Rabbit entered into a series of four subcontracts for the installation of Hardie Plank siding each for a lump sum price.

7.

Rabbit was a labor only subcontractor of TCI on the four projects.

8.

Despite repeated demands, Rabbit failed and refused to fully perform pursuant to the subcontracts.

9.

Rabbit eventually abandoned three of the projects.

## COUNT I
### (BREACH OF CONTRACT AGAINST RABBIT-BRIGHTMORE)

10.

TCI incorporates herein by reference Paragraphs 1 through 9 of this Complaint as if each allegation was fully set forth herein.

11.

TCI entered into a Subcontract with Rabbit to install certain Hardie Plank siding on the Brightmore project located in Charlotte, North Carolina ("Brightmore") for the adjusted lump sum of $183,250.

12.

Between March 1, 2014 and July 18, 2014, Rabbit provided some of the required labor for the improvement of the Brightmore project.

13.

Rabbit breached the subcontract by eventually abandoning the project in or around July 25, 2014 prior to completing its work.

14.

Rabbit breached the Brightmore subcontract by, among other things, failing to complete its work and to provide its work in a good and workmanlike fashion.

15.

TCI has been damaged in an amount to be determined at trial as a direct and proximate result of Rabbit's breaches of the Brightmore subcontract.

16.

TCI has performed all of its obligations and conditions precedent under the Brightmore subcontract between TCI and Rabbit, and is currently owed an amount to be determined at trial.

17.

Despite repeated notices of default, Rabbit has failed and refused to cure said breaches of the Brightmore subcontract.

18.

TCI is also entitled to interest at a rate of 7% per annum, pursuant to O.C.G.A. § 7-4-12, in an amount to be determined at trial.

19.

All conditions precedent to TCI's entitlement to full payment, plus interest and attorneys' fees, as a result of Rabbit's breach of the Brightmore subcontract have occurred or have been performed, waived, satisfied or otherwise excused by Rabbit's conduct.

## COUNT II
### (BREACH OF CONTRACT AGAINST RABBIT-MORRISON PLANTATION)

20.

TCI incorporates herein by reference Paragraphs 1 through 19 of this Complaint as if each allegation was fully set forth herein.

21.

TCI entered into a subcontract with Rabbit to install certain Hardie Plank siding on the Grove at Morrison Plantation project located outside of Charlotte, North Carolina ("Morrison Plantation") for the lump sum of $384,770.40.

22.

Between January 1, 2014 and September 20, 2014, Rabbit provided some of the required labor for the improvement of the Morrison Plantation project.

23.

Rabbit breached the subcontract by eventually abandoning the Morrison Plantation project on or about August 14, 2014 prior to completing its work.

24.

Rabbit breached the Morrison Plantation subcontract by, among other things, failing to complete its work and failing to provide its work in a good and workmanlike fashion.

25.

TCI has been damaged in an amount to be determined at trial as a direct and proximate result of Rabbit's breaches of the Morrison Plantation subcontract.

26.

TCI has performed all of its obligations and conditions precedent under the Morrison Plantation subcontract between TCI and Rabbit, and is currently owed an amount to be determined at trial.

27.

Despite repeated notices of default, Rabbit has failed and refused to cure said breaches of the Morrison Plantation subcontract.

28.

TCI is also entitled to interest at a rate of 7% per annum, pursuant to O.C.G.A. § 7-4-12, in an amount to be determined at trial.

29.

All conditions precedent to TCI's entitlement to full payment, plus interest and attorneys' fees, as a result of Rabbit's breach of the Morrison Plantation subcontract have occurred or have been performed, waived, satisfied or otherwise excused by Rabbit's conduct.

### COUNT III
### (BREACH OF CONTRACT AGAINST RABBIT-NORTON COMMONS APARTMENTS)

30.

TCI incorporates herein by reference Paragraphs 1 through 29 of this Complaint as if each allegation was fully set forth herein.

31.

TCI entered into a subcontract with Rabbit to install certain Hardie Plank siding on the Norton Commons Apartments project located at 9507 Civic Way, Prospect, Kentucky ("Norton Commons") for the lump sum of $174,872.00.

5

32.

Between September 1, 2014 and January 31, 2015, Rabbit provided some of the required labor for the improvement of the Norton Commons project.

33.

Rabbit breached the subcontract by eventually abandoning the Norton Commons project on or about January 20, 2015 prior to completing its work.

34.

Rabbit breached the Norton Commons subcontract by, among other things, failing to complete its work and failing to provide its work in a good and workmanlike fashion.

35.

TCI has been damaged in the amount to be determined at trial as a direct and proximate result of Rabbit's breaches of the Norton Commons subcontract.

36.

TCI has performed all of its obligations and conditions precedent under the Norton Commons subcontract between TCI and Rabbit, and is currently owed an amount to be determine at trial.

37.

Despite repeated notices of default, Rabbit has failed and refused to cure said breaches of the Norton Commons subcontract.

38.

TCI is also entitled to interest at a rate of 7% per annum, pursuant to O.C.G.A. § 7-4-12, in an amount to be determined at trial.

39.

All conditions precedent to TCI's entitlement to full payment, plus interest and attorneys' fees, as a result of Rabbit's breach of the Norton Commons subcontract have occurred or have been performed, waived, satisfied or otherwise excused by Rabbit's conduct.

## COUNT IV
## (SET-OFF AGAINST RABBIT-THE STANDARD)

40.

TCI incorporates herein by reference Paragraphs 1 through 39 of this Complaint as if each allegation was fully set forth herein.

41.

Pursuant to Georgia common law and in light of Rabbit's defective, deficient, incomplete and untimely work on the projects referenced in Counts I through III and the Standard Project, TCI is entitled to a set-off or offset of any monies otherwise due to Rabbit arising out of its labor or materials furnished to the Standard Project.

42.

All conditions precedent to TCI's right to set-off, offset or recoupment have occurred or have been performed, waived, satisfied or otherwise excused by the conduct of Rabbit.

## COUNT V
## (ATTORNEYS' FEES FOR BAD FAITH AND STUBBORN LITIGIOUSNESS AGAINST RABBIT)

43.

TCI incorporates herein by reference Paragraphs 1 through 42 of this Complaint as if each allegation was fully set forth herein.

44.

Defendant Rabbit has acted in bad faith, has been stubbornly litigious, and has caused TCI to incur unnecessary trouble and expense by requiring TCI to resort to litigation.

45.

Pursuant to O.C.G.A. § 13-6-11, TCI is entitled to recover those expenses of litigation that it has incurred or will incur as a result of the bad faith actions of TCI.

46.

At all times prior to the filing of this Complaint, Rabbit has been stubbornly litigious and has caused TCI unnecessary trouble and expense in filing this Complaint to recover the monies belonging to, owing and due to TCI, which expenses include, but are not limited to, the filing of this Complaint.

WHEREFORE, Taylor Commercial, Inc. requests:

(a) that process issue and Defendant Rabbit Construction, Inc. be served as provided by law;

(b) that this Court enter judgment in favor of Taylor Commercial, Inc. and against Rabbit Construction, Inc. in an amount to be determined at trial plus pre-judgment interest of 7% per annum from the date the amount became due to the date judgment is entered in this action, plus all costs of this action, and reasonable attorneys' fees pursuant to Count I for Breach of Contract-Brightmore;

(c) that this Court enter judgment in favor of Taylor Commercial, Inc. and against Rabbit Construction, Inc. in an amount to be determined at trial plus pre-judgment interest of 7% per annum from the date the amount became due to the date judgment is entered in this action, plus all costs of this action, and reasonable attorneys' fees pursuant to Count II for Breach of Contract-Morrison Plantation;

(d) that this Court enter judgment in favor of Taylor Commercial, Inc. and against Rabbit Construction, Inc. in an amount to be determined at trial plus pre-judgment interest of 7% per annum from the date the amount became due to the date judgment is entered in this action,

plus all costs of this action, and reasonable attorneys' fees pursuant to Count III for Breach of Contract-Norton Commons;

(e) that this Court enter judgment in favor of Taylor Commercial, Inc. and against Rabbit Construction, Inc. in an amount to be determined at trial plus pre-judgment interest of 7% per annum from the date the amount became due to the date judgment is entered in this action, plus all costs of this action, and reasonable attorneys' fees pursuant to Count IV Set-Off-The Standard;

(f) that this Court enter judgment in favor of Taylor Commercial, Inc. and against Rabbit Construction, Inc., to recover the attorneys' fees incurred by Taylor Commercial, Inc. in prosecuting this action in an amount to be proven at trial pursuant to the allegations contained in Count V for Attorneys' Fees for Bad Faith and Stubborn Litigiousness; and

(g) other and further relief this Court deems just and proper.

Dated this 2nd day of December, 2015.

HENDRICK PHILLIPS SALZMAN & FLATT

/s/ Kevin S. Dale
William D. Flatt
Georgia Bar No. 262827
Kevin S. Dale
Georgia Bar No. 328098
*Attorneys for Plaintiff Taylor Commercial, Inc.*

230 Peachtree Street, N.W., Suite 2500
Atlanta, Georgia 30303
Telephone: (404) 522-1410
Email: wdf@hpsf-law.com
Email: ksd@hpsf-law.com

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TAYLOR COMMERCIAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. 2015CV268774 |
| | ) | |
| v. | ) | |
| | ) | |
| RABBIT CONSTRUCTION, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:  Rabbit Construction, Inc.
     c/o Nitin K. Goyal, Esq.
     Goyal Law Office
     P.O. Box 61824
     Durham, North Carolina 27715

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. The complaint has been filed in the Superior Court for the State of Georgia in and for the County of Fulton and has been assigned Civil Action File No. 2015CV268774.

This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the Waiver of Service is also attached for your records. YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER.

If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the complaint within 60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and then, to the extent authorized by those rules, I will ask the court to require you (or the party on whose behalf you are addressed) to pay the full cost of such service. In that connection, please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the Plaintiff on this ___4___ day of December, 2015.

HENDRICK PHILLIPS SALZMAN & FLATT

_____
William D. Flatt
Georgia Bar No. 262827
Kevin S. Dale
Georgia Bar No. 328098
*Attorneys for Plaintiff Taylor Commercial, Inc.*

230 Peachtree Street, N.W.
Suite 2500
Atlanta, Georgia 30303
Telephone: (404) 522-1410
Facsimile: (404) 522-9545

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TAYLOR COMMERCIAL, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action File No. 2015CV268774 |
| ) | |
| v. ) | |
| ) | |
| RABBIT CONSTRUCTION, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## WAIVER OF SERVICE OF SUMMONS

TO:   Kevin S. Dale, Esq.
      Hendrick Phillips Salzman & Flatt
      230 Peachtree Street, NW, Suite 2500
      Atlanta, Georgia 30303

I acknowledge receipt of your request that I waive service of a summons in the action of *Taylor Commercial, Inc. v. Rabbit Construction, Inc.*, which is case number 2015CV268774 in the Superior Court of the State of Georgia in and for the County of Fulton. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

This _____ day of _____, 2015.

RABBIT CONSTRUCTION, INC.

_____
(Sign Name)

_____
(Print Name and Title for Rabbit Construction, Inc.)

## NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also

must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TAYLOR COMMERCIAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. 2015CV268774 |
| | ) | |
| v. | ) | |
| | ) | |
| RABBIT CONSTRUCTION, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## WAIVER OF SERVICE OF SUMMONS

TO:   Kevin S. Dale, Esq.
      Hendrick Phillips Salzman & Flatt
      230 Peachtree Street, NW, Suite 2500
      Atlanta, Georgia 30303

I acknowledge receipt of your request that I waive service of a summons in the action of *Taylor Commercial, Inc. v. Rabbit Construction, Inc.*, which is case number 2015CV268774 in the Superior Court of the State of Georgia in and for the County of Fulton. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

This _____ day of _____, 2015.

                            RABBIT CONSTRUCTION, INC.

                            _____
                            (Sign Name)

                            _____
                            (Print Name and Title for Rabbit Construction, Inc.)

**<u>NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS</u>**

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also

must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.