# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TAYLOR COMMERCIAL, INC., | ) | |
| | ) | |
| Plaintiff | ) | Civil Action |
| | ) | File No. |
| v. | ) | |
| | ) | |
| RABBIT CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENSES ANSWER AND COUNTERCLAIM OF RABBIT CONSTRUCTION, INC.

COMES NOW Defendant Rabbit Construction, Inc. ("Rabbit"), and in response to the complaint asserts the following defenses and answer and files a Counterclaim as follows:

JURISDICTION

Rabbit alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship of the parties and this dispute concerns an amount in excess of $75,000.

FIRST DEFENSE

The Plaintiff's complaint fails to state a claim against the Defendant Rabbit upon which relief can be granted.

SECOND DEFENSE

1

The Defendant Rabbit denies that it has acted in bad faith, been stubbornly litigious or caused Plaintiff unnecessary trouble or expense.

## THIRD DEFENSE

This Court does not have jurisdiction over Defendant and it should be dismissed from this matter.

## FOURTH DEFENSE

The venue selected by Plaintiff, being the Superior Court of Fulton County, Georgia, is not the proper venue for the Plaintiff's complaint and should be dismissed or transferred to the Eastern District of North Carolina.

## FIFTH DEFENSE

Plaintiff's claims are barred due to the doctrine of res judicata and issue preclusion.

## SIXTH DEFENSE

Plaintiff's own conduct, actions and inactions, or the actions or inactions of its agents, caused all or a portion of the claimed damages.

## SEVENTH DEFENSE

Plaintiff has failed to mitigate its claimed damages.

## EIGHTH DEFENSE

Plaintiff's claimed damages were caused in whole or in part by Plaintiff's own contributory and/or comparative negligence.

## NINTH DEFENSE

Plaintiff's claimed damages were caused in whole or in part by the conduct, actions and/or inactions of third parties over whom this Answering Defendant exercised no authority or control.

## TENTH DEFENSE

Plaintiff's claim for damages is barred by the doctrine of superseding, intervening cause.

## ELEVENTH DEFENSE

Plaintiff has unclean hands and are precluded from recovering against this Answering Defendant.

## TWELFTH DEFENSE

Plaintiff has failed to join necessary and indispensable parties to this action.

## THIRTEENTH DEFENSE

Plaintiff has failed to mitigate its damages and exhaust other available remedies.

## FOURTEENTH DEFENSE

The alleged claims are barred by the applicable statute of limitations, as well as the doctrines of laches and waiver.

FIFTEENTH DEFENSE

Plaintiff's claims are barred due to insufficiency of process.

SIXTEENTH DEFENSE

In response to the individually numbered paragraphs contained in the Plaintiff's complaint, the Defendant pleads as follows:

**FACTS APPLICABLE TO ALL COUNTS**

1.

Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph one (1) of Plaintiff's complaint.

2.

Defendant admits the allegations contained in paragraph two (2) of Plaintiff's complaint.

3.

Defendant denies the allegations contained in paragraph three (3) of Plaintiff's complaint.

4.

Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph four (4) of Plaintiff's complaint.

5.

Defendant denies the allegations contained in paragraph five (5) of Plaintiff's complaint.

6.

Defendant admits the allegations contained in paragraph six (6) of Plaintiff's complaint.

7.

Defendant denies the allegations contained in paragraph seven (7) of Plaintiff's complaint.

8.

Defendant denies the allegations contained in paragraph eight (8) of Plaintiff's complaint.

9.

Defendant denies the allegations contained in paragraph nine (9) of Plaintiff's complaint.

## COUNT I

### (BREACH OF CONTRACT AGAINST RABBIT-BRIGHTMORE)

10.

Defendant reasserts herein by reference paragraphs one (1) through nine (9) above as if set forth verbatim.

11.

Defendant admits that it entered into a contract with TCI, however the initial contract amount was $192,200 which was reduced due to the fact that the job was not ready for Defendant to complete its job.

12.

As to paragraph twelve (12), Defendant began work on January 27, 2014 and was pulled off the job by TCI in favor of another project due to the fact that the Brightmore property was not ready for Defendant to complete its job.

13.

Defendant denies the allegations contained in paragraph thirteen (13) of Plaintiff's complaint.

14.

Defendant denies the allegations contained in paragraph fourteen (14) of Plaintiff's complaint.

15.

Defendant denies the allegations contained in paragraph fifteen (15) of Plaintiff's complaint.

16.

Defendant denies the allegations contained in paragraph sixteen (16) of Plaintiff's complaint.

17.

Defendant denies the allegations contained in paragraph seventeen (17) of Plaintiff's complaint.

18.

Defendant denies the allegations contained in paragraph eighteen (18) of Plaintiff's complaint.

19.

Defendant denies the allegations contained in paragraph nineteen (19) of Plaintiff's complaint.

## <u>COUNT II</u>

## (BREACH OF CONTRACT AGAINST RABBIT- MORRISON PLANTATION)

20.

Defendant reasserts herein by reference paragraphs one (1) through nineteen (19) above as if set forth verbatim.

7

21.

Defendant admits that it entered into a contract with Plaintiff TCI, however the initial contract amount was $160,000 which was increased to $165,000 for additional work to be done by Rabbit at the request of TCI.

22.

As to paragraph twenty-two (22), Defendant began work on March 21, 2014 and completed the job on the four (4) buildings per the contract. Defendant was then sent to work on another job at the request of Plaintiff TCI.

23.

Defendant denies the allegations contained in paragraph twenty-three (23) of Plaintiff's complaint.

24.

Defendant denies the allegations contained in paragraph twenty-four (24) of Plaintiff's complaint.

25.

Defendant denies the allegations contained in paragraph twenty-five (25) of Plaintiff's complaint.

26.

Defendant denies the allegations contained in paragraph twenty-six (26) of Plaintiff's complaint.

27.

Defendant denies the allegations contained in paragraph twenty-seven (27) of Plaintiff's complaint.

28.

Defendant denies the allegations contained in paragraph twenty-eight (28) of Plaintiff's complaint.

29.

Defendant denies the allegations contained in paragraph twenty-nine (29) of Plaintiff's complaint.

## **COUNT III**

## **(BREACH OF CONTRACT AGAINST RABBIT-NORTON COMMOMS APARTMENTS)**

30.

Defendant reasserts herein by reference paragraphs one (1) through twenty-nine (29) above as if set forth verbatim.

31.

Defendant admits that it entered into a contract with Plaintiff TCI, however the initial contract amount was $210,200 which was adjusted to $214,260 for additional work to be done by Rabbit at the request of TCI.

32.

As to paragraph thirty-two (32), Defendant began work on September 25, 2014 and was pulled off the job by Plaintiff TCI in favor of another project due to the fact that the Norton Commons Apartment property was not ready for Defendant to complete its job.

33.

Defendant denies the allegations contained in paragraph thirty-three (33) of Plaintiff's complaint.

34.

Defendant denies the allegations contained in paragraph thirty-four (34) of Plaintiff's complaint.

35.

Defendant denies the allegations contained in paragraph thirty-five (35) of Plaintiff's complaint.

36.

Defendant denies the allegations contained in paragraph thirty-six (36) of Plaintiff's complaint.

37.

Defendant denies the allegations contained in paragraph thirty-seven (37) of Plaintiff's complaint.

38.

Defendant denies the allegations contained in paragraph thirty-eight (38) of Plaintiff's complaint.

39.

Defendant denies the allegations contained in paragraph thirty-nine (39) of Plaintiff's complaint.

## **COUNT IV**

### **(SET-OFF AGAINST RABBIT-THE STANDARD)**

40.

Defendant reasserts herein by reference paragraphs one (1) through thirty-nine (39) above as if set forth verbatim.

41.

Defendant denies the allegations contained in paragraph forty-one (41) of Plaintiff's complaint.

42.

Defendant denies the allegations contained in paragraph forty-two (42) of Plaintiff's complaint.

## **COUNT V**

### **(ATTORNEYS' FEES FOR BAD FAITH AND STUBBORN LITIGIOUSNESS AGAINST RABBIT)**

43.

Defendant reasserts herein by reference paragraphs one (1) through forty-two (42) above as if set forth verbatim.

44.

Defendant denies the allegations contained in paragraph forty-four (44) of Plaintiff's complaint.

45.

Defendant denies the allegations contained in paragraph forty-five (45) of Plaintiff's complaint.

46.

Defendant denies the allegations contained in paragraph forty-six (46) of Plaintiff's complaint.

Defendant denies all allegations contained in the Wherefore clause and all other allegations not specifically responded to herein.

## COUNTERCLAIM

COMES NOW, Rabbit Construction, Inc., the Defendant in the above referenced matter, and asserts this counterclaim against the Plaintiff and in support thereof states the following:

## COUNT I

## (BREACH OF CONTRACT AGAINST TCI-BRIGHTMORE)

1.

Rabbit entered into a contract with TCI to install certain Hardie Plank siding on the Brightmore project located in Charlotte, North Carolina for the initial lump sum of $192,000.

2.

Rabbit completed approximately two-thirds (2/3) of the job when they had to stop due to the incompleteness of the framing.

3.

TCI offered to pay Rabbit $110,000 for the work done and requested that Rabbit work on another project (Morrison Plantation).

4.

TCI paid Rabbit $79,409 for the Brightmore project, leaving a balance of $30,591.

5.

TCI reduced the balance from $30,591 to $12,000 claiming that some details on the project remained.

6.

TCI never asked Rabbit to return to the Brightmore project, stating that it hired another contractor to complete the job.

7.

TCI still owes Rabbit the remaining balance of $12,000 for the Brightmore project.

8.

Rabbit is also entitled to interest at a rate of 7% per annum, pursuant to O.C.G.A. § 7-4-12, in an amount to be determined at trial.

## **COUNT II**

## **(BREACH OF CONTRACT AGAINST TCI-MORRISON PLANTATION)**

9.

Rabbit incorporates herein by reference Paragraphs 1 through 8 of this Countercomplaint as if each allegation was fully set forth herein.

10.

Rabbit entered into a contract with TCI to install certain Hardie Plank siding on four (4) buildings on the Morrison Plantation project located in Mooresville, North Carolina for the initial lump sum of $160,000.

11.

TCI later requested Rabbit complete extra work details for the agreed upon sum of $5,000.

12.

Rabbit completed the jobs on the four (4) buildings and TCI sent Rabbit to work on another project.

13.

TCI paid Rabbit $119,972 for the work done at the Morrison Plantation project.

14.

TCI still owes Rabbit the balance of $45,028 for the Morrison Plantation project.

15.

Rabbit is also entitled to interest at a rate of 7% per annum, pursuant to O.C.G.A. § 7-4-12, in an amount to be determined at trial.

# COUNT III

## (BREACH OF CONTRACT AGAINST TCI-NORTON COMMONS APARTMENTS)

16.

Rabbit incorporates herein by reference Paragraphs 1 through 15 of this Countercomplaint as if each allegation was fully set forth herein.

17.

Rabbit entered into a contract with TCI to install certain Hardie Plank siding on six (6) buildings on the Norton Commons Apartment project located in Prospect, Kentucky for the initial lump sum of $210,200.

18.

TCI later requested Rabbit complete extra work details for the agreed upon sum of $4,060.

19.

Rabbit completed work on six (6) buildings with the exception of approximately sixteen (16) columns which still lacked the necessary plumbing and electrical work which was required to be done prior to Rabbit doing its work.

20.

TCI informed Rabbit that they were needed for a project in Charleston and that TCI would have another contractor complete the job at Norton Commons Apartments.

21.

TCI paid Rabbit $158,760 for the Norton Commons Apartment project.

22.

TCI still owes Rabbit the balance of $55,500 for the Norton Commons Apartment project.

23.

Rabbit is also entitled to interest at a rate of 7% per annum, pursuant to O.C.G.A. § 7-4-12, in an amount to be determined at trial.

## COUNT IV

**(BREACH OF CONTRACT AGAINST TCI-THE STANDARD)**

24.

Rabbit incorporates herein by reference Paragraphs 1 through 23 of this Counterclaim as if each allegation was fully set forth herein.

25.

Rabbit entered into a contract with TCI to install certain Hardie Plank siding on The Standard at James Island project located in Charleston, North Carolina for the initial lump sum of $275,000.

26.

Due to extra work required to complete the framing and having to install siding on concrete, that contract price was adjusted to $315,000.

27.

Rabbit completed 99% of the job. A door had not been completed and Rabbit could not finish the trim around the door for that reason.

28.

When Rabbit requested final payment from TCI, TCI refuse to allow Rabbit to complete the trim around the final door.

29.

TCI paid Rabbit $281,988.88 for The Standard at James Island project.

30.

TCI still owes Rabbit the balance of $33,011.12 for The Standard at James Island project.

31.

Rabbit is also entitled to interest at a rate of 7% per annum, pursuant to O.C.G.A. § 7-4-12, in an amount to be determined at trial.

## COUNT V

### (ATTORNEY'S FEES FOR BAD FAITH AND STUBBORN LITIGIOUSNESS AGAINST TCI)

32.

Rabbit incorporates herein by reference Paragraphs 1 through 31 of this Countercomplaint as if each allegation was fully set forth herein.

33.

Plaintiff TCI has acted in bad faith, has been stubbornly litigious, and has caused Rabbit to incur unnecessary trouble and expense by requiring Rabbit to respond to TCI's complaint and to file a counterclaim.

34.

Pursuant to O.C.G.A. § 13-6-11, Rabbit is entitled to recover those expenses of litigation that it has incurred or will incur as a result of the bad faith actions of TCI.

35.

At all times prior to filing of this Counterclaim, TCI has been stubbornly litigious and has caused Rabbit unnecessary trouble and expense in filing this

Counterclaim to recover monies belonging to, owing and due to Rabbit, which expenses include, but are not limited to the filing of this Counterclaim.

WHEREFORE, Rabbit Construction, Inc. prays as follows:

(a)     that this Counterclaim be filed and served as provided by law;

(b)     that this Court enter judgment in favor of Rabbit Construction, Inc. and against Taylor Commercial, Inc. in the amount of $12,000 plus pre-judgment interest of 7% per annum from the date the amount became due to the date of judgment is entered in the counteraction, plus all costs of this counteraction, and reasonable attorney's fees pursuant to Count I for Breach of Contract against TCI-Brightmore;

(c)     that this Court enter judgment in favor of Rabbit Construction, Inc. and against Taylor Commercial, Inc. in the amount of $45,028 plus pre-judgment interest of 7% per annum from the date the amount became due to the date of judgment is entered in the counteraction, plus all costs of this counteraction, and reasonable attorney's fees pursuant to Count II for Breach of Contract against TCI-Morrison Plantation;

(d)     that this Court enter judgment in favor of Rabbit Construction, Inc. and against Taylor Commercial, Inc. in the amount of $55,500 plus pre-judgment interest of 7% per annum from the date the amount became due to the date of judgment is entered in the counteraction, plus all costs of this counteraction, and reasonable

attorney's fees pursuant to Count III for Breach of Contract against TCI-Norton Commons Apartment;

(e)     that this Court enter judgment in favor of Rabbit Construction, Inc. and against Taylor Commercial, Inc. in the amount of $33,011.12 plus pre-judgment interest of 7% per annum from the date the amount became due to the date of judgment is entered in the counteraction, plus all costs of this counteraction, and reasonable attorney's fees pursuant to Count IV for Breach of Contract against TCI-The Standard;

(f)     that this Court enter judgment in favor of Rabbit Construction, Inc. and against Taylor Commercial, Inc., to recover the attorney's fees incurred by Rabbit Construction, Inc. in defending claims by TCI and in prosecuting this counterclaim in an amount to be proven at trial pursuant to the allegations contained in Count V for Attorneys' Fees for Bad Faith and Stubborn Litigiousness;

(g)     Rabbit demands trial by jury of 12; and

(h)     that Rabbit Construction, Inc. recover such other and further relief as the Honorable Court may deem just and proper.


Respectfully submitted this 26th day of February, 2016.

/s/ Jonathan W. Johnson

Jonathan W. Johnson
Georgia Bar No. 394830

JOHATHAN W. JOHNSON, LLC
2296 Henderson Mill Road, Suite 304
Atlanta, Georgia 30345
404.298.0795 Phone
404.941.2285 Fax

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that the foregoing document was prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in local rule 5.1(C).

This 26th day of February, 2016.

/s/ Jonathan W. Johnson
Jonathan W. Johnson
Georgia Bar No. 394830

JOHATHAN W. JOHNSON, LLC
2296 Henderson Mill Road, Suite 304
Atlanta, Georgia 30345
404.298.0795 Phone
404.941.2285 Fax
jwj@jonathanjohnsonatlantalawyer.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAYLOR COMMERCIAL, INC.,           )
                                   )
        Plaintiff                  )        Civil Action
                                   )        File No.
        v.                         )
                                   )
RABBIT CONSTRUCTION, INC.,         )
                                   )
        Defendant.                 )

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENSES ANSWER AND COUNTERCLAIM OF RABBIT CONSTRUCTION, INC.** upon attorneys of record by depositing a copy of same in the U.S. mail with proper postage, as follows:

Kevin S. Dale
William D. Flatt
Hendrick, Phillips, Salzman & Flatt
230 Peachtree Street, N.W., Suite 2500
Atlanta, Georgia 30303

Dated this 26th day of February, 2016.

_/Jonathan W. Johnson___
Jonathan W. Johnson
Georgia Bar No.: 394830

24

Jonathan W. Johnson, LLC
2296 Henderson Mill Road
Suite 304
Atlanta, Georgia 30345
Telephone: (404) 298-0795
Facsimile:  (404) 941-2285